1   **WO**

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   Hector Francisco-Parra,              )   CASE NO.  CV-05-632-TUC-FRZ
                                         )             CR-01-616-PHX-FRZ
10              Petitioner,              )
                                         )   **ORDER**
11  vs.                                  )
                                         )
12                                       )
    United States of America,            )
13                                       )
                Respondent.              )
14                                       )
                                         )
15  _____

16       Petitioner has filed a "Motion for Time Reduction by an Inmate in Federal Custody

17  (28 U.S.C. § 2255)."

18       Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

19  District Courts provides, in relevant part, that

20           [i]f it plainly appears from the motion, any attached exhibits,
             and the record of prior proceedings that the moving party is not
21           entitled to relief, the judge must dismiss the motion and direct
             the clerk to notify the moving party.
22
23  28 U.S.C. foll. § 2255.

                              **Background**
24

25       Pursuant to a plea agreement, Petitioner entered a plea of guilty to the Information,

26  which charged him with entering, attempting to enter, and being found in the United States

27  after having been previously denied admission, excluded, deported, and removed from the

28  United States, and not having obtained the express consent of the Attorney General to

1  reapply for admission to the United States, in violation of 8 U.S.C. § 1326(a) and enhanced

2  by § 1326(b)(2).

3       The Court imposed a sentence of thirty months.  The Court also placed Petitioner on

4  supervised release for three years, with the condition that he "shall not commit another

5  federal, state, or local crime during the term of supervision."

6       On August 15, 2005, Petitioner entered into an agreement with the United States in

7  which he admitted to violating the terms of his supervised release by committing the offense

8  of re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).  Pursuant to the

9  agreement, Petitioner waived "any and all motions, defenses, probable cause determinations,

10  and objections which [he] could assert to the information or indictment, or petition to revoke,

11  or to the Court's entry of judgment and imposition of sentence upon [him] providing the

12  sentence is consistent with [the] agreement."  In addition, Petitioner waived "any right to

13  collaterally attack [his] conviction and sentence in a habeas petition under 28 U.S.C. § 2255

14  or motion under any other statute or rule."

15       The agreement provided for a sentencing range of 4-27 months, depending on

16  Petitioner's criminal history.  The Court imposed a sentence of 5 months, to be served

17  consecutive to his thirty month sentence in 05-CR-830-TUC-FRZ.

18

19                       **Discussion**

20       In his motion, Petitioner seeks a reduction of his sentence.  He contends that his right

21  to equal protection is violated by the fact that deportable alien prisoners, unlike their United

22  States citizen counterparts, are ineligible for a one-year sentence reduction for attending a

23  drug treatment program during incarceration and early release to a half-way house.  His

24  motion also contains a petition for commutation of sentence, which is not within this Court's

25  authority to grant or deny.  *See Graham v. Angelone*, 73 F. Supp. 2d 629, 630 (E.D.

26  Va.1999).

27       Petitioner waived "any right to collaterally attack [his] conviction and sentence in a

28  habeas petition under 28 U.S.C. § 2255 or motion under any other statute or rule."

1    Alternatively, the Ninth Circuit Court of Appeals rejected Petitioner's argument in

2    *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999).  In that case, the Ninth Circuit found

3    that there was no equal protection violation and held that "excluding prisoners with detainers

4    from participating in community-based treatment programs, and consequently from sentence

5    reduction eligibility, is at least rationally related to the BOP's legitimate interest in

6    preventing prisoners from fleeing detainers while participating in community treatment

7    programs."  *Id.* at 1186.

8

9                                        **Conclusion**

10    Accordingly,

11

12    **IT IS ORDERED** that Petitioner's § 2255 Motion (U.S.D.C. document #49 in

13    CR-01-616-PHX-FRZ) is **DENIED** and this case (CV-05-632-TUC-FRZ) is **DISMISSED**.

14

15    **IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy

16    of the Motion and this Order on Respondent and **SHALL SERVE** a copy of this Order on

17    Petitioner.

18

19    DATED this 28th day of October, 2005.

20

21

22

23                                                  *Frank R. Zapata*

24                                        FRANK R. ZAPATA
                                         United States District Judge

25

26

27

28

                                            - 3 -