**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Hector Parra-Francisco,

Petitioner,

vs.

United States of America,

Respondent.

CASE NO. CV-06-136-PHX-FRZ
CR-01-616-PHX-FRZ

**ORDER**

Pending before the Court is Petitioner's January 4, 2006 "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C. § 2255)." The Court will dismiss the motion without prejudice because the Court lacks subject matter jurisdiction over this second habeas petition.

**Background**

Pursuant to a plea agreement, Petitioner entered a plea of guilty to the Information, which charged him with entering, attempting to enter, and being found in the United States after having been previously denied admission, excluded, deported, and removed from the United States, and not having obtained the express consent of the Attorney General to reapply for admission to the United States, in violation of 8 U.S.C. § 1326(a) and enhanced by § 1326(b)(2).

The Court imposed a sentence of thirty months. The Court also placed Petitioner on supervised release for three years, with the condition that he "shall not commit another federal, state, or local crime during the term of supervision."

On August 15, 2005, Petitioner entered into an agreement with the United States in which he admitted to violating the terms of his supervised release by committing the offense of re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Pursuant to the agreement, Petitioner waived "any and all motions, defenses, probable cause determinations, and objections which [he] could assert to the information or indictment, or petition to revoke, or to the Court's entry of judgment and imposition of sentence upon [him] providing the sentence is consistent with [the] agreement." In addition, Petitioner waived "any right to collaterally attack [his] conviction and sentence in a habeas petition under 28 U.S.C. § 2255 or motion under any other statute or rule."

The agreement provided for a sentencing range of 4-27 months, depending on Petitioner's criminal history. The Court imposed a sentence of 5 months, to be served consecutive to his thirty month sentence in 05-CR-830-TUC-FRZ.

After Petitioner was sentenced in this case, Petitioner filed a "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C. Section 2255)" on October 21, 2005. On November 1, 2005, the Court issued an Order in which it concluded that Petitioner had waived in his agreement with the United States his claim for a sentence reduction and that, alternatively, his claim of an equal protection violation lacked merit under existing Ninth Circuit case law. The Court denied the § 2255 habeas petition and dismissed the case (CV-05-632-TUC-FRZ).

On January 4, 2006, Petitioner filed the current § 2255 habeas petition in which he seeks a reduction of his sentence because his right to equal protection is violated by the fact that deportable alien prisoners, unlike their United States citizen counterparts, are ineligible for a one-year sentence reduction for attending a drug treatment program during incarceration and for early release to a half-way house. His motion also contains a petition for

commutation of sentence, which is not within this Court's authority to grant or deny. *See Graham v. Angelone*, 73 F. Supp. 2d 629, 630 (E.D. Va.1999).

**Discussion**

Under 28 U.S.C. §§ 2255 and 2244(b)(3), a petitioner may not file a second or successive § 2255 habeas petition in the district court unless the petitioner has obtained a certification from the Ninth Circuit Court of Appeals authorizing the district court to consider the second habeas petition.

The Court already rejected Petitioner's first § 2255 habeas petition. Petitioner's current petition, therefore, is his second § 2255 habeas petition and in it Petitioner seeks the same relief on the same ground he did in his first § 2255 habeas petition. Because Petitioner has failed to obtain permission from the Ninth Circuit before filing this second § 2255 habeas petition, the Court lacks subject matter jurisdiction over the second § 2255 habeas petition and must dismiss it. *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (concluding that district court lacked jurisdiction to consider second § 2255 petition when petitioner had failed to request certification from appellate court prior to filing the second § 2255 petition in the district court); *United States v. Alvarez-Ramirez*, 128 F. Supp. 2d 1265, 1267 (C.D. Cal. 2001) (dismissing second § 2255 petition for lack of subject matter jurisdiction because petitioner failed to obtain Ninth Circuit certification). The Court, however, will dismiss the case without prejudice so that Petitioner can seek certification from the Ninth Circuit Court of Appeals to file a second or successive § 2255 habeas petition.

Pursuant to Ninth Circuit Rule 22-3(a), the Court will direct the Clerk of the Court to refer Petitioner's second § 2255 habeas petition to the Ninth Circuit Court of Appeals. Moreover, as a courtesy to Petitioner, the Court will direct the Clerk of the Court to provide Petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

**Conclusion**

In light of the foregoing,

**IT IS ORDERED** that Petitioner's January 4, 2006 "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C. § 2255)" (U.S.D.C. document #53 in CR-01-616-PHX-FRZ) and this action (CV-06-0136-PHX-FRZ) are **DISMISSED WITHOUT PREJUDICE** to allow Petitioner to seek certification from the Ninth Circuit Court of Appeals to file a second or successive petition.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SEND** a copy of this Order and Petitioner's January 4, 2006 "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C. § 2255)" (U.S.D.C. document #53 in CR-01-616-PHX-FRZ) to the **Ninth Circuit Court of Appeals**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of this Order on **Petitioner** and **SHALL PROVIDE** Petitioner with a form recommended by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of this Order and Petitioner's January 4, 2006 "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C. § 2255)" (U.S.D.C. document #53 in CR-01-616-PHX-FRZ) on **Respondent**.

DATED this 19th day of January, 2006.

FRANK R. ZAPATA
United States District Judge

**Form 12.** **Application for Leave to File Second or Successive Petition**
*(New, 7/1/02)* **Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255**

**UNITED STATES COURT of APPEALS**
**for the NINTH CIRCUIT**
**95 Seventh Street**
**San Francisco, California 94103**

## Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255

Docket Number ______________________________________________
(to be provided by court)

Petitioner's name ____________________________________________

Prisoner registration number

Address ________________________________________________

**Instructions - Read Carefully**

(1) This application, whether handwritten or typewritten, must be legible and signed by the petitioner under penalty of perjury. An original and five (5) copies must be provided to the Clerk of the Ninth Circuit. The application must comply with 9th Circuit Rule 22-3, which is attached to this form.

(2) All questions must be answered concisely. Add separate sheets if necessary.

(3) The petitioner **shall** serve a copy of this application and any attachments on respondent and must complete and file a proof of service with this application.

(4) The petitioner **shall** attach to this application copies of the magistrate judge's report and recommendation and the district court's opinion in any prior federal habeas proceeding under 28 U.S.C. § 2254 or § 2255 or state why such documents are unavailable to petitioner.

**You *Must* Answer the Following Questions:**

(1) What conviction(s) are you challenging?

______________________________________________________________

______________________________________________________________

(2) In what court(s) were you convicted of these crime(s)?

______________________________________________________________________________

______________________________________________________________________________

(3) What was the date of each of your conviction(s) and what is the length of each sentence?

______________________________________________________________________________

______________________________________________________________________________

**For questions (4) through (9), provide information separately for each of your previous §§ 2254 or 2255 proceedings. Use additional pages if necessary.**

(4) With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under **28 U.S.C. § 2254** or **§ 2255**?
Yes G No G

(a) In which federal district court did you file a petition or motion?

______________________________________________________________________________

(b) What was the docket number? ________________________________________

(c) On what date did you file the petition/motion? ____________________________

(5) What grounds were raised in your previous habeas proceeding?
(list all grounds and issues previously raised in that petition/ motion)

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

(6) Did the district court hold an evidentiary hearing? Yes G No G

(7) How did the district court rule on your petition/motion?

G District court **dismissed** petition/motion? If yes, on what grounds?

______________________________

G District court **denied** petition/motion;

G District court **granted** relief;
if yes, on what claims and what was the relief?

______________________________

**(Attach copies of all reports and orders issued by the district court.)**

(8) On what date did the district court decide your petition/motion?

______________________________

(9) Did you file an appeal from that disposition? Yes G No G

(a) What was the docket number of your appeal? ______________________________

(b) How did the court of appeals decide your appeal?______________________________

______________________________

______________________________

(10) State concisely each and every ground or issue you wish to raise in your current petition or motion for habeas relief. Summarize briefly the facts supporting each ground or issue.

______________________________

______________________________

______________________________

(11) For each ground raised, was it raised in the state courts? If so, what did the state courts rule and when?

______________________________

(12) For each ground/issue raised, was this claim raised in any prior federal petition/motion? (list each ground separately)

______________________________

______________________________

(13) For each ground/issue raised, does this claim rely on a new rule of constitutional law? (list each ground separately and give case name and citation for each new rule of law)

___

___

(14) For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence and when did you discover it? Why has this newly discovered evidence not been previously available to you? (list each ground separately)

___

___

___

(15) For each ground/issue raised, does the newly discovered evidence establish your innocence? How?

___

___

(16) For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error? Which provision of the Constitution was violated and how?

___

___

(17) Provide any other basis for your application not previously stated.

___

___

___

**Date:** ___________________ **Signature:**___________________________________

**Proof of Service on Respondent MUST be Attached.**